**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLISON HANSON; COURTNEY AMIDON; HAYLIE BERGSTROM; STACY BRADY; NATALIA CORDUNEANU; DAVALU CUMMINGS; KORRI OOSTING; MELANIE SCOTT; SUZANNE GREENLEAF; JENNIFER WAGNER, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ROBERT W. FERGUSON, Attorney General of the State of Washington; WASHINGTON STATE ATTORNEY GENERAL'S OFFICE; SHANE ESQUIBEL, Chief Deputy Attorney General of the State of Washington; TODD R. BOWERS, Deputy Attorney General of the State of Washington; CHRISTINA BEUSCH, Deputy Attorney General of the State of Washington; JENNIFER MEYER, Deputy Attorney General of the State of Washington; ERIC SONJU; ROCHELLE LAROSE, Human Resources Director of the Office of Attorney General of the State of Washington; ALLISON RADFORD, Labor Relations Manager of the Office of Attorney General of the State of Washington; | No. 25-3836 <br><br> D.C. No. 3:24-cv-05989-DGE <br><br> MEMORANDUM[*] |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

FRANKLIN PLAISTOWE, Chief Human Resources Officer of the Office of Attorney General of the State of Washington; VALERIE PETRIE, Deputy Attorney General of the State of Washington; AMY FLANIGAN, Spokane Office Division Chief of the State of Washington Office of Attorney General; NANETTE DORNQUAST, Administrative Office Manager of the Spokane Office of the State of Washington Office of Attorney General; MARY F. LI, Seattle Office Social and Health Services Division Chief of the Office of the State of Washington Office of Attorney General,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Submitted August 5, 2026[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Plaintiffs appeal the district court's order granting Defendants' motion to dismiss based on qualified immunity. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the "district court's grant of a motion to dismiss and issues of

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

25-3836

qualified immunity de novo." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018). We review for abuse of discretion the district court's denial of leave to amend, *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), and its decision declining to exercise supplemental jurisdiction, *Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1165 (9th Cir. 2002). We affirm.

Defendants are entitled to qualified immunity unless Plaintiffs' allegations, taken as true, show that Defendants' conduct "(1) violated a constitutional right that (2) was clearly established at the time of the violation." *Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023) (citation modified). Here, we address the second prong first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). This prong requires us to "consider whether the violative nature of the defendants' *particular* conduct is clearly established in light of the *specific context* of the case." *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020) (citation modified).

1. Plaintiffs fail to show that the free exercise rights Defendants "allegedly violated were 'clearly established.'" *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000) (citation modified). Plaintiffs do not identify a single case that invalidated a vaccine mandate on free exercise grounds, and instead invoke generic free exercise principles applied in factually dissimilar circumstances. *See Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 17–18 (2020) (invalidating occupancy limits for religious services where restrictions treated

3                                                              25-3836

comparable secular businesses more favorably); *Tandon v. Newsom*, 593 U.S. 61, 62–63 (2021) (invalidating restrictions on at-home religious gatherings where comparable secular activities were treated more favorably); *Fulton v. City of Philadelphia*, 593 U.S. 522, 528–32, 534–42 (2021) (finding free exercise violation where city refused to contract with a Catholic foster agency unless it agreed to certify same-sex couples as foster parents); *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 524–28, 540–46 (1993) (invalidating city ordinances that sought to suppress Santeria's practice of animal sacrifice). By relying on these inapposite cases, Plaintiffs erroneously seek to "define clearly established law at a high level of generality," and thereby "avoid[] the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (citation modified).

2. Plaintiffs also fail to show that their procedural due process rights were clearly established. Plaintiffs do not cite any case invalidating a vaccine mandate on procedural due process grounds and again rely on cases involving plainly distinguishable facts. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542–45 (1985) (concluding that administrative review procedures were insufficient because they failed to provide employees with an opportunity to respond); *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 332 (9th Cir.

4                                                                                                  25-3836

1995) (finding inadequate public hearings that "did not specify which particular individuals would be terminated" and did not provide an opportunity to respond); *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1192–1201 (9th Cir. 2008) (invalidating child abuse index that lacked procedural safeguards and a means of requesting removal), *rev'd on other grounds*, 562 U.S. 29 (2010). Because Plaintiffs' cited cases bear little similarity to the circumstances under review, Plaintiffs have not shown that Defendants' specific conduct violated a clearly established right. *See Rico*, 980 F.3d at 1298.

3. The district court did not abuse its discretion by dismissing Plaintiffs' federal claims without leave to amend. It is apparent from the record that the district court's justifying reason for denying leave to amend was that amendment would be futile. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 691 (9th Cir. 1993). The district court concluded that qualified immunity barred Plaintiffs' federal claims because the purported unlawfulness of Defendants' conduct was not clearly established, and no amendment would have cured this deficiency. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010) (recognizing that the court of appeals will uphold a denial of leave to amend premised on futility "if it is clear, upon *de novo* review, that the complaint would not be saved by any amendment" (citation modified)).

Plaintiffs insist that their claims could be saved by more specifically

pleading a claim for prospective relief under *Ex parte Young*, 209 U.S. 123 (1908). But Plaintiffs' request for declaratory relief is tied only to their state-law *ultra vires* claim. Moreover, Plaintiffs do not allege an ongoing violation that would be redressed by prospective relief. *See Han v. U.S. Dep't of Just.*, 45 F.3d 333, 338 (9th Cir. 1995) (explaining that "[r]elief that in essence serves to compensate a party injured in the past . . . is barred even though styled as something else" (citation modified)).

4.     The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Plaintiffs' state-law claims after it "dismissed all claims over which it ha[d] original jurisdiction." 28 U.S.C. § 1367(c)(3). Even if the district court may have had the discretion to exercise jurisdiction over the state-law claims, it was not obligated to do so. *See Dream Palace v. County of Maricopa*, 384 F.3d 990, 1022 (9th Cir. 2004).

**AFFIRMED.**

25-3836